IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| TERRENCE WILLIAMS, | * |
| Plaintiff, | * |
| v. | * |
|  | *   Civil No. 25-2377-BAH |
| DISTROKID, LLC, | * |
| Defendant. | * |
|  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Terrence Williams ("Plaintiff") brings suit against DistroKid, LLC ("DistroKid") alleging breach of contract, fraudulent misrepresentation, violation of the Maryland Consumer Protection Act ("MCPA"), unjust enrichment, and tortious interference with business expectancy, all of which are sate law claims, related to DistroKid's alleged decision not to distribute Plaintiff's music. *See* ECF 1, at 2–3. The Court ordered Plaintiff to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction given that the only specific dollar amount he alleges he lost is his annual subscription fee of $28.61 and given that his allegations do not raise a plausible inference that the amount in controversy reaches anywhere close to the threshold amount of $75,000. ECF 5.

In response to the order to show cause, Plaintiff contends that "ongoing financial losses, reputational harm, and statutory entitlements [ ] plausibly exceed $75,000." ECF 6, at 1. More specifically, he asserts that "[l]ost business opportunities and reputational damages can be substantial and are properly included in the amount in controversy," that the MCPA allows for treble damages and attorney's fees, that he seeks punitive damages for fraudulent

misrepresentation and tortious interference, and that attorney's fees are otherwise included in the amount in controversy. *See id.* at 2.

"Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith." *Wiggins v. N. Am. Equitable Life Assur. Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981). Typically, "[i]f the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if 'it is apparent, *to a legal certainty,* that the plaintiff cannot recover the amount claimed.'" *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (emphasis in original) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)). "However, the general practice of deferring to a plaintiff's damages allegations in this context gives way if it appears or is shown that the amount is not claimed in good faith. . . . A court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Silva v. Walt Disney World*, No. 1:21CV912, 2022 WL 4585811, at *2 (M.D.N.C. Sept. 29, 2022) (citation and internal quotation marks omitted), *report and recommendation adopted*, No. 1:21-CV-912, 2023 WL 3661349 (M.D.N.C. May 25, 2023).

For the reasons explained below, the Court finds that Plaintiff's asserted amount in controversy is too speculative to be made in good faith and confer diversity jurisdiction on this Court. *See Washington v. CUNA Mut. Grp.*, Civ. No. RWT 13-3102, 2014 WL 2615767, at *1 (D. Md. June 10, 2014) (citing *Gonzalez v. Fairgale Properties Co., N.V.,* 241 F. Supp. 2d 512, 518 (D. Md. 2002)) (finding that "the $250,000 in damages requested are totally unsupported as the Plaintiff offers no information about how he calculated this number or even how he suffered harm" and finding amount in controversy not met); *cf. Osia v. Rent-a-Center, Inc.*, Civ. No. DKC-15-1200, 2015 WL 3932416, at *5 (D. Md. June 25, 2015) ("To allow removal of this case based

2

on Defendant's speculation as to a possible final damage award would eviscerate the amount in controversy requirement."); *Ayers v. CIOX Health, LLC*, Civ. No. DLB-23-3079, 2024 WL 2783787, at *2 (D. Md. May 29, 2024) (remanding removed case and finding non-economic damages amount too speculative to include in amount in controversy under Class Action Fairness Act); *see also Martin v. Martin*, Civ. No. ELH-16-1732, 2016 WL 3362662, at *7 (D. Md. June 16, 2016) (finding amount in controversy not after finding some of pro se plaintiff's claims not viable).

In Maryland, "a breach of contract does not typically give rise to an action in tort." *Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 476 (4th Cir. 2001). "[W]here the essence of a relationship is contractual and the essence of the claimed dereliction by a defendant is failure to perform the contract, a cause of action arising from such dereliction is not available in tort but is available only in contract." *Parks v. CAI Wireless Sys. Inc.*, 85 F. Supp. 2d 549, 556 (D. Md. 2000). "This general rule is reflected in the economic loss doctrine, which 'prohibits a plaintiff from recovering tort damages for what in fact is a breach of contract.'" *401 N. Charles, LLC v. Sonabank*, Civ. No. RDB-17-0872, 2018 WL 6570680, at *4 (D. Md. Dec. 13, 2018) (quoting *Cash & Carry America, Inc. v. Roof Solutions, Inc.*, 117 A.3d 52, 60 (Md. App. 2015)).

Plaintiff attempts to dress up as tort, fraud, and consumer protection claims what is at its core a contractual dispute. *See FLF, Inc. v. World Publications, Inc.*, 999 F. Supp. 640, 643 (D. Md. 1998) (noting that "the Court need not close its eyes to legal theories that are plainly without merit"). "In general, under Maryland law, '[i]n a breach of contract action, upon proof of liability, the non-breaching party may recover damages for 1) the losses proximately caused by the breach, 2) that were reasonably foreseeable, and 3) that have been proven with reasonable certainty.'" *PNC Bank, N.A. v. Davis*, 631 F. Supp. 3d 253, 271 (D. Md. 2022) (quoting *Hoang v. Hewitt Ave.*

3

*Assocs., LLC*, 936 A.2d 915, 934 (Md. App. 2007). The only identified damages sought are the annual subscription fee of $28.61, well short of the jurisdictional amount.

To the extent Plaintiff's claims can be read as separate causes of action not prohibited by the economic loss doctrine, and to the extent they can be considered viable claims, the amount in controversy Plaintiff attributes to these claims is too speculative to be made in good faith.

"Tortious interference with business relationships arises only out of the relationship between three parties, the parties to a contract or other economic relationship . . . and the interferer." *Baron Fin. Corp. v. Natanzon*, 471 F. Supp. 2d 535, 539 (D. Md. 2006) (alteration in original) (quoting *K & K Management, Inc. v. Lee,* 557 A.2d 965, 973 (Md. 1989)). "A party may maintain an action 'upon the doctrine that a man who induces one of two parties to a contract to break it, intending thereby to injure the other or to obtain a benefit for himself, does the other an actionable wrong.'" *Id.* (quoting *Natural Design, Inc. v. Rouse Co.,* 485 A.2d 663 (Md. 1984)). Plaintiff has not identified any business relationship between himself and a third entity with which DistroKid could have allegedly interfered by not performing on the contract. Speculation about interference with non-existent business relationships cannot form the basis of a good faith estimate of the amount in controversy.

The MCPA prohibits the use of "unfair, abusive, or deceptive trade practice[s]" in the sale of commercial services. Md. Code Ann., Com. Law § 13-303. "[A] private party bringing an action under the MCPA must show that he or she has 'suffered an identifiable loss, measured by the amount the consumer spent or lost as a result of his or her reliance on the [ ] misrepresentation.'" *Green v. Wells Fargo Bank, N.A.*, 927 F. Supp. 2d 244, 255 (D. Md. 2013) (second alteration in original) (quoting *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 277 (Md. 2007)), *aff'd,* 582 F. App'x 246 (4th Cir. 2014). Damages claimed under a fraud theory must also

causally derive from Plaintiff's reliance on any allegedly fraudulent statement. *See Hoffman v. Stamper*, 867 A.2d 276, 292 (Md. 2005) ("To prove an action for civil fraud based on affirmative misrepresentation, the plaintiff must show that . . . the plaintiff suffered compensable injury as a result of the misrepresentation."). Plaintiff's fraudulent misrepresentation and MCPA claims are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). *See Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) (quoting Fed. R. Civ. P. 9(b)).

Plaintiff alleges that "Defendant represented that it would provide year-long distribution services" and that it "knew or should have known that it would not deliver—or that Plaintiff's account was already restricted." ECF 1, at 3 ¶¶ 23–24. Plaintiff also asserts that DistroKid "engaged in unfair and deceptive practices" including "charging for undelivered services, misrepresenting restrictions, and profiting from Plaintiff's content without transparency." *Id.* ¶ 27. The Court seriously doubts that Plaintiff has met Rule 9(b)'s heightened pleading standard. But even if he did, again, recovery of compensatory damages of over $75,000 do not appear to be based on anything other than baseless speculation. The only identifiable loss alleged is his subscription fee. Just as for the tortious interference claim, the entirely speculative nature of any other damages is not made in good faith.

Punitive damages and attorney's fees will not carry Plaintiff over the jurisdictional threshold. Plaintiff may not recover punitive damages on his breach of contract claim. *Wiggins*, 644 F.2d at 1017 (noting that under Maryland law, punitive damages are not available on purely contractual claims in evaluating whether the amount in controversy was met). As to the other claims, to the extent punitive damages are available, they are subject to constitutional limitation. While the Supreme Court has declined to "impose a bright-line ratio which a punitive damages award cannot exceed," it has expressed that "few awards exceeding a single-digit ratio between

5

punitive and compensatory damages, to a significant degree, will satisfy due process." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Thus, a constitutional punitive damages award would fall well below the jurisdictional threshold where the only identified loss does not exceed $30. As for including potential attorney's fees in the amount in controversy, pro se litigants may not generally recover attorney's fees not actually incurred. *Frison v. Mathis*, 981 A.2d 57, 62 (Md. App. 2009).

Plaintiff pleads the unjust enrichment claim in the alternative. *See* ECF 1, at 3. "In Maryland, a claim of unjust enrichment, which is a quasi-contract claim, 'may not be brought where the subject matter of the claim is covered by an express contract between the parties.'" *Janusz v. Gilliam*, 947 A.2d 560, 567 (Md. 2008) (quoting *County Comm'rs of Caroline County v. J. Roland Dashiell & Sons, Inc.,* 747 A.2d 600, 607 (Md. 2000)). The only allegation related to this claim is: "Defendant retained Plaintiff's payment and profited from his music without delivering promised services or refunding fees." ECF 1, at 3 ¶ 31. Even if no express contract existed such that Plaintiff could not bring the breach of contract claim, recovery on the unjust enrichment claim is limited to the benefit conferred on and unjustly retained by the defendant. *See Stanley v. Cent. Garden & Pet Corp.*, 891 F. Supp. 2d 757, 768 (D. Md. 2012) (noting that "the remedy for unjust enrichment is not damages, but restitution, so a recovery under [plaintiff's] unjust enrichment claim would be limited to any amount the defendants are found to have unjustly received" (citing *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351–52 (Md. 2007))). This amount would be the $28.61 annual fee Plaintiff alleges he paid DistroKid for their services, which, again, does not come close to the jurisdictional threshold.

"The amount in controversy requirement is not a procedural nicety; it is a jurisdictional constraint. And '[c]ourts may not engage in conjecture, speculation, or judicial star gazing to

determine jurisdiction.'" *Brennan v. Stevenson*, Civ. No. JKB-15-2931, 2015 WL 7454109, at *6 (D. Md. Nov. 24, 2015) (quoting *Kamau v. Slate*, No. 4:11cv522-RH/CAS, 2013 WL 1883257, at *3 (N.D. Fla. Apr. 4, 2013)). "In this case, 'it is clear that Plaintiff has arbitrarily alleged an excessive amount in damages to meet the jurisdictional amount in controversy. Doing so is prohibited and goes against the limited scope and purpose of diversity jurisdiction. . . .'" *Silva*, 2022 WL 4585811, at *2 (quoting *Johnson v. Nixon*, No. 3:17CV1901, 2018 WL 2031900, at *2 (N.D. Tex. Apr. 13, 2018)). Because the estimated amount in controversy is not made in good faith here, where the only identified and not wholly speculative loss is the $28.61 annual subscription fee, the Court finds that the amount in controversy is not met. The Court therefore does not have subject matter jurisdiction under 28 U.S.C. § 1332, and the complaint must be dismissed without prejudice.

Accordingly, it is this 29th day of October, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;
2. The Clerk is directed to CLOSE this case; and
3. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff.

                                                                         /s/
                                            Brendan A. Hurson
                                            United States District Judge